**Andrew J. LEONARD, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

**No. 21290.**

United States Court of Appeals
Ninth Circuit.

Feb. 20, 1968.

Andrew J. Leonard, in pro. per.

Richard L. McVeigh, U. S. Atty., Gerald J. Van Hoomissen, Asst. U. S. Atty., Anchorage, Alaska, for appellee.

Before CHAMBERS and HAMLEY, Circuit Judges, and JAMESON, District Judge.

PER CURIAM.

Andrew J. Leonard, having been convicted and sentenced for interstate transportation of stolen securities in violation of 18 U.S.C. § 2314 (1964), applied under 28 U.S.C. § 2255 (1964), to set aside the sentence. The district court denied the application without hearing and this pro. per. appeal followed.

In the district court Leonard advanced several reasons why his application should be granted. On this appeal, however, he relies upon only one of these grounds in asserting that the district court erred in denying his application.

The ground now relied upon, including the allegations of fact related thereto, may be stated as follows: Leonard was placed under arrest on a false charge of "jumping bail," the arrest being accomplished by a Federal Treasury Agent who had neither a warrant nor probable cause for such arrest, and who effectuated the arrest by means of an unlawful intrusion into Leonard's apartment; that these circumstances rendered Leonard's arrest and subsequent detention unlawful; and that incriminating statements obtained from him during such subsequent detention were therefore illegally obtained and, accordingly, the admission of such statements into evidence at the trial deprived Leonard of his constitutional rights.

The arrest of which Leonard complains took place on July 13, 1957, at Fairbanks, Alaska. He was first lodged in a Fairbanks jail but was later moved to a jail in Anchorage, Alaska. Leonard was then brought before a United States Commissioner and, after what Leonard describes as a period of "protracted confinement" in the Anchorage jail, the incriminating statements were obtained.

Assuming that the July 13, 1957 arrest was illegal, the circumstances described above indicate that the incriminating statements were not contemporaneous with the arrest, but were substantially separated therefrom by time and place, and by the interposition of an appearance before a United States Commissioner. The incriminating statements were thus not obtained by exploiting the illegality of the arrest (if the arrest was illegal), but resulted from means sufficiently distinguishable to be purged of the primary taint. See Wong Sun v. United States, 371 U.S. 471, 487–488, 83 S.Ct. 407, 9 L.Ed.2d 441. There is no contention on this appeal that the incriminating statements were not given voluntarily and after full notice to Leonard of his constitutional rights.

Affirmed.